UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUAYAD SHAMMAMI,

    Plaintiff,

v.

ALFRED ALLOS, STUART BURCHARD,
and BROAD STREET SECURITIES, INC.,

    Defendants.
    _____/

Case No. 11-12015

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_October 11, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On May 6, 2011, Mouayad Shammami ("Plaintiff") filed this suit against Alfred Allos, Stuart Burchard, and Broad Street Securities, Inc. ("Broad Street") to recover damages for allegedly wrongful trading of securities in his investment accounts. Before the Court is Allos's motion to dismiss or for summary judgment, filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(a) on May 27, 2011. The Court heard oral argument concerning this motion on August 16, 2011. Also before the Court is Burchard's *pro se* "Answer to and Motion to Dismiss Complaint," filed on July 26, 2011. Plaintiff filed a response to this pleading, and the Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule

7.1(f)(2). For the reasons stated below, the Court dismisses Plaintiff's claims against Allos and Burchard.

## I. Factual and Procedural Background

Plaintiff entered into an agreement under which Broad Street was to provide him with investment advice and manage his assets from July 29, 2002 until June 30, 2007. Compl. ¶ 25. He claims to have informed Broad Street that his investment objective was "conservative capital preservation," and not "high risk or speculation." *Id.* ¶ 27. Plaintiff alleges that his investment advisor, Alfred Allos, made unauthorized trades and incurred "huge losses" in doing so. *Id.* ¶ 27. Plaintiff claims that the trading record of his account is "replete" with examples of such trades, specifically pointing to the purchase of 600 shares of stock in Ask Jeeves, Inc. on February 2, 2005, and the subsequent sale of the shares the same day at a loss of approximately $833. *Id.* ¶ 35. On November 21, 2005, Broad Street's Vice President, Mary Mada, allegedly deceived Plaintiff into authorizing previous trades on his account and changing his declared investment objectives to "trading profits" and "speculation." *Id.* ¶ 28. Plaintiff claims that subsequent trades in his account violated his previously expressed investment objectives. He points to the purchase of 1,000 shares of stock in Taser International on May 3, 2006 and the sale of those same shares just over two weeks later, on May 19, 2006, for a loss of over $1,000. *Id.* ¶ 34.

At some point, Plaintiff expressed dissatisfaction with this trading activity. It is unclear exactly when this occurred, but Broad Street apparently offered to pay him $14,000 at the time. Allos claims that this sum was intended to compensate Plaintiff for profits he would have realized if Allos had executed certain transactions in Lear

2

Corporation stock that Plaintiff had requested. Allos Aff. ¶ 7. Plaintiff asserts that he refused to accept this sum because his account had sustained losses in excess of $75,000. Compl. ¶ 43.

Plaintiff responded by filing suit in this Court on October 3, 2007. In that action, Case No. 07-cv-14214, Plaintiff alleged facts similar to those alleged here and named as defendants Broad Street, The Bank of New York Mellon, and Pershing, LLC. On February 13, 2008, the Court issued an Opinion and Order compelling arbitration and dismissing the case without prejudice. Plaintiff filed a claim with the Financial Industry Regulatory Authority ("FINRA") on May 8, 2008, proceeding against Broad Street, The Bank of New York Mellon, and Pershing, LLC.

The defendants and their counsel apparently failed to appear on the date when arbitration was to commence. On October 6, 2009, Plaintiff sought leave to file an amended statement of claim, adding new defendants. This motion was granted on October 30, 2009, and Plaintiff filed his Amended Statement of Claim in January 2010. Allos claims that this is the first time he was made aware that he was being sued by Plaintiff. Allos Mot. ¶ 10. Plaintiff moved for a default judgment in the arbitration proceeding, but the motion was denied. FINRA set a trial date of May 10, 2011, and on May 4, 2011, Broad Street's President, Stuart Burchard, moved for an adjournment. Plaintiff and Allos apparently agreed to end the arbitration of the claims against Allos.

Plaintiff filed this action on May 6, 2011, naming Allos, Burchard, and Broad Street as defendants. He asserts the following claims: Securities Fraud (Unlawful Churning), Violation of the Securities Exchange Act of 1934, § 10(b) (Count I); Fraud, Conversion,

3

Deceit, and Misrepresentation (Count II); Michigan Uniform Securities Act (Count III); Breach of Contract (Count IV); Breach of Fiduciary Duty (Count V); Control Person Liability Under § 20(a) (Count VI); Violation of the Consumer Protection Act (Count VII); Action for an Accounting (Count VIII); and Unjust Enrichment (Count IX).

Allos has moved to dismiss many of the claims against him pursuant to Rules 12(b)(6) and 56(a). Burchard has also moved to dismiss Plaintiff's claims against him, arguing that these claims are currently proceeding through arbitration.

## II. Allos's Motion to Dismiss or for Summary Judgment

### A. Standards of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal

4

evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This standard applies to "all civil actions." *Iqbal*, 129 S. Ct. at 1953.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). The Court may also consider public records, including those of judicial proceedings. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates

5

summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

**B. Securities Exchange Act Claim**

Allos contends that Plaintiff's Claim under § 10(b) of the Securities Exchange Act is barred by the relevant statute of limitations, which provides:

> [A] claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934, may be brought not later than the earlier of -
>
> > (1) 2 years after the discovery of the facts constituting the violation; or
> > (2) 5 years after such violation.

6

28 U.S.C. § 1658(b). The term "discovery" in § 1658(b)(1) refers to the time when the plaintiff actually discovers the facts underlying his claim or would have discovered those facts through the exercise of reasonable diligence. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796 (2010).

Plaintiff actually learned of the facts underlying his claims against Allos on or before October 3, 2007, as on that date he filed a Complaint with this Court stating:

> 25. The Plaintiff discovered in 2006 that hundreds of unauthorized trades were being made by the Defendant without any apparent benefit to him and to the contrary oftentimes at a significant loss, that sales were on the same day at nearly the same purchase prices, and that many trades were showing up on his account statement but that he had not received notices or trade slips for these trades.
>
> 26. The Plaintiff contacted Defendant Broad Street, its agent Mary Mada, and Alfred Allos who admitted to the Plaintiff and to his witnesses accompanying him that he had indeed incurred thousands of dollars in commissions and caused other losses to the Plaintiff in order to increase Defendant Broad Street's profits.

Case No. 07-cv-14214, Dkt. #1, ¶¶ 25-26. These allegations provide the factual basis for Plaintiff's securities fraud claims against Allos. The two-year limitations period therefore expired, at latest, on October 3, 2009. Because Plaintiff did not seek to add claims against Allos until three days later, his securities fraud claim is untimely.

Plaintiff argues that his claim against Allos is timely because it "relates back" to his 2007 suit pursuant to Federal Rule of Civil Procedure 15. Rule 15(c)(1)(C) provides that an amended pleading relates back to the date of the original pleading when a party is added, but only if the party being added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's

7

identity." There is no indication that Plaintiff was mistaken as to the identity of the broker involved in churning, as his 2007 Complaint specifically provides that Allos admitted to incurring thousands of dollars in unnecessary commissions. Furthermore, because the 2007 Complaint was dismissed, there is no pleading to which the claim may relate back. *See Griffith v. Birkett*, 2006 U.S. Dist. LEXIS 46374, at *6 (E.D. Mich. Mar. 17, 2006) (citing *Warren v. Garvin*, 219 F.3d 111, 113-14 (2d Cir. 2000); *Jones v. Morton*, 195 F.3d 153, 160-61 (3d Cir. 1999); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999)). Plaintiff fails to cite any authority for the proposition that a claim may relate back to a dismissed pleading, and the Court concludes that this argument lacks merit.

Plaintiff asserts that the Court should equitably toll the statute of limitations. "The doctrine of equitable tolling is applied sparingly by federal courts." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Id.* (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). "'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'" *Id.* (quoting *Graham-Humphreys*, 209 F.3d at 561)). There is no indication that Plaintiff's failure to file his claims against Allos was the result of circumstances beyond his control. It appears that Plaintiff simply neglected to include Allos among the named defendants, concentrating his focus on Allos's supervisors and Broad Street. The Court finds no compelling grounds for tolling in this case.

Plaintiff mistakenly relies on *IDS Progressive Fund v. First of Michigan Corp.*, 533

F.2d 340 (6th Cir. 1976), arguing that the relevant statute of limitations is six years. This decision, however, predates the federal statute establishing a two-year limitations period. Under the applicable statute of limitations, 28 U.S.C. § 1658(b), Plaintiff's claim must be dismissed as untimely.

**C. Control Person Liability Claim**

Plaintiff asserts a claim for control person liability pursuant to § 20(a) of the Securities Exchange Act. As the Sixth Circuit has explained:

> The notion of a control person derives from § 20(a) of the Securities Exchange Act, which attaches liability to "every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder . . . unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action."

*City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 667 (6th Cir. 2005) (quoting 15 U.S.C. § 78t(a)). Plaintiff alleges that Burchard controlled Allos, Compl. ¶¶ 103-04, but he has not alleged that Allos controlled another person. The Court therefore concludes that Plaintiff has failed to state a control person liability claim against Allos.

**D. State Law Claims**

Plaintiff has asserted a variety of claims under Michigan statute and common law, including fraud, conversion, deceit, misrepresentation, breach of contract, breach of fiduciary duty, violation of the Michigan Consumer Protection Act, and violation of the Uniform Securities Act. The Court believes that it is appropriate to consider whether it should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. A

9

district court may decline to exercise supplemental jurisdiction over state law claims where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court's subject matter jurisdiction in this case was based on a federal question, *see* 28 U.S.C. § 1331, and the Court has determined that the federal law claims against Allos must be dismissed. Furthermore, in a separate Order entered on this date, the Court has granted a default judgment with respect to Plaintiff's claims against Broad Street. For reasons set forth below, the Court also concludes that the claims against Burchard should be stayed pending arbitration. A court may decline to exercise supplemental jurisdiction where the only remaining claims over which the court has original jurisdiction have been stayed. *Constr. & Gen. Laborers' Dist. Council v. Roth's Reliable Constr. Co, Inc.*, 2004 U.S. Dist. LEXIS 11969, at *9-10 (N.D. Ill. 2004) (court declined to exercise supplemental jurisdiction over state law claims where "the federal issue is on hold for an indeterminate but presumably long period of time," and litigation of state law claims was "at a nascent stage"); *see also Cingular Wireless, LLC v. Thurston Cnty.*, 150 F. App'x 633, 636 (9th Cir. 2005). Because the interests of justice and comity are best served by a state court's resolution of the state law claims, this Court declines to exercise supplemental jurisdiction over those claims. The Court accordingly dismisses Plaintiff's state law claims without prejudice. *See Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

### III. Burchard's Motion to Dismiss

**A. Standard of Review**

The Court is mindful of its duty to construe *pro se* pleadings liberally, *see Haines v.*

*Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and interprets Burchard's pleading as a request to stay these proceedings pursuant to the Federal Arbitration Act ("FAA"). Under the statute, a written agreement to arbitrate disputes arising out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. To enforce this mandate, the statute provides for a stay of court proceedings if an issue is referable to arbitration and the applicant for the stay is not in default in proceeding with arbitration. *See* 9 U.S.C. § 3. "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 3353 (1985)). "[A]ny ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.*

**B. Application**

It is clear that Plaintiff agreed to arbitrate disputes with Burchard. When Plaintiff established his account with Broad Street, he signed a form containing an "arbitration agreement" provision stating in part:

> YOU AGREE THAT CONTROVERSIES ARISING BETWEEN YOU AND

11

>   YOUR BROKER AND/OR BROAD STREET SECURITIES, INC., ITS CLEARING FIRM(S), AND THEIR RESPECTIVE ADVISORS, SUBSIDIARIES, AFFILIATES, SUCCESSORS, OFFICERS, DIRECTORS, SHAREHOLDERS, ASSIGNS AND EMPLOYEES SHALL BE DETERMINED BY ARBITRATION.

Burchard Mot. Ex. 1 at 1. This provision refers broadly to "controversies," and certainly applies to a dispute between Plaintiff and Burchard, Broad Street's President. The Court therefore concludes that the instant dispute falls within the scope of a valid arbitration agreement. A stay of the proceedings against Burchard is therefore appropriate under 9 U.S.C. § 3.

Plaintiff contends that pursuant to FINRA Rule 12202, Burchard is no longer entitled to arbitration. This Rule provides:

>   A claim by or against a member in one of the following categories is ineligible for arbitration under the Code unless the customer agrees in writing to arbitrate after the claim arises:
>
>   • A member whose membership is terminated, suspended, cancelled or revoked;
>   • A member that has been expelled from FINRA; or
>   • A member that is otherwise defunct.

FINRA Rule 12202. Plaintiff has failed to establish, however, that Burchard is ineligible for arbitration under this Rule. Moreover, it appears that FINRA is proceeding with arbitration of Plaintiff's claims against Burchard, as FINRA Case Administrator Patrick Walsh sent Burchard a letter dated July 11, 2011, seeking to determine his availability for a hearing. *See* Burchard Mot. Ex. 3.

Although a stay of Plaintiff's claims against Burchard is appropriate, the claims against the other defendants have been dismissed or resolved by the default judgment. In such instances, the proper course of action is dismissal without prejudice. "'The weight of

12

authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.'" *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). The Court therefore dismisses the claims against Burchard without prejudice.

### IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Allos's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED** with respect to Plaintiff's claims of Securities Fraud (Unlawful Churning), Violation of the Securities Exchange Act of 1934, § 10(b) (Count I) and Control Person Liability Under § 20(a) (Count VI).

**IT IS FURTHER ORDERED** that the following state law claims against Allos are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3): Fraud, Conversion, Deceit, and Misrepresentation (Count II); Michigan Uniform Securities Act (Count III); Breach of Contract (Count IV); Breach of Fiduciary Duty (Count V); Violation of the Consumer Protection Act (Count VII); Action for an Accounting (Count VIII); and Unjust Enrichment (Count IX).

**IT IS FURTHER ORDERED** that Plaintiff's claims against Burchard are **DISMISSED WITHOUT PREJUDICE**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Donald D. Sullivan, Esq.
John F. Brennan, Esq.
Stuart Burchard